SHAHOOD, J.,
concurring in part and dissenting in part.
I concur with the majority that in this case the Department waived its challenge to the sufficiency of service by filing a motion for change of venue to its home county, Leon County.
I disagree, however, with the majority with respect to the second issue raised. I would hold that the trial court erred in denying the Department’s motion for change of venue. “Governmental defendants in Florida have a common law ‘home venue privilege’ to be sued in the county where they maintain their principal headquarters.” Jacksonville Elec. Auth. v. Clay County Util. Auth., 802 So.2d 1190, 1192 (Fla. 1st DCA), rev. dismissed, 821 *794 So.2d 293 (Fla.2002). “Absent waiver or application of an identified exception, the home venue privilege appears to be an absolute right.” Id. Florida courts have allowed only three exceptions to the home venue privilege: (1) waiver by statute; (2) when a governmental body is sued as a joint tortfeasor; and (3) “sword-wielder” doctrine-when the plaintiffs constitutional rights are in “real and imminent danger” of invasion by a state agency. See id. Since none of the stated exceptions apply to the facts of this case, a change in venue was proper.